UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CIVIL ACTION NO. 20-470-WOB-CJS**

**KEBRA M. JONES**                                                                                       **PLAINTIFF**

v.                              **REPORT AND RECOMMENDATION**

**DR. PATRICK DOWNS, et al.**                                                              **DEFENDANTS**

*** *** *** ***

This matter is before the Court on Defendants' Motion for Summary Judgment. (R. 24). Plaintiff has not responded to Defendants' Motion. Plaintiff's failure to file a response and failure to comply with other orders of the Court leads the undersigned to believe that Plaintiff has abandoned his case. Therefore, it will be recommended that Defendants' Motion for Summary Judgment (R. 24) be **denied as moot** and that Plaintiff's Complaint (R. 1) be **dismissed without prejudice** for failure to prosecute.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The alleged actions and failures to act at issue in this case took place when Plaintiff Kebra M. Jones was incarcerated at the Fayette County Detention Center ("FCDC") following his arrest on September 16, 2020, on charges of possessing a controlled substance (methamphetamine), 1st degree, being in possession of a firearm as a convicted felon, possessing drug paraphernalia, operating a motor vehicle under the influence and on a suspended/revoked license, and persistent felony offender, 2nd degree. (*See* R. 1; R. 24-2). In his Complaint, Jones states that earlier on the day of his arrest he had been playing basketball, during which he injured his left middle finger. (R. 1-1 at Page ID 12). He alleges that following his arrest and upon being detained at FCDC, he

informed jail personnel of his finger injury and requested medical attention and pain medication but the medical treatment he received was inadequate and he was refused appropriate pain medication. (R. 1 at Page ID 4-7; R. 1-1 at Page ID 12-13, 15-16; R. 1-2).

Proceeding *pro se,* Jones filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Corizon Corporation, a private entity with whom the FCDC had contracted to provide healthcare to prisoners at the FCDC, and Dr. Patrick Downs, a physician employed with Corizon Corporation who rendered medical services at FCDC. (R. 1). Jones alleges in his Complaint that Defendants were deliberately indifferent to his medical needs at FCDC by failing to timely facilitate a surgery on his dislocated finger and provide him with appropriate and sufficient pain medication in the interim when he arrived at FCDC. (*Id.* at Page ID 4-5). The record reflects that Jones signed his Complaint form on November 12, 2020 (*id.* at Page ID 19), placed it in the U.S. mail via the FCDC mail system on November 13, 2020 (*see* R. 1-4 at Page ID 33), and it was received by the Clerk of Court's Office for the Western District of Kentucky and filed on November 17, 2020 (*id.*).[1] Jones underwent surgery for his dislocated finger on November 16, 2020, at UK Orthopedic Surgery & Sports Medicine. (*See* R. 24 at Page ID 116). This surgery date was scheduled by UK Orthopedic Surgery & Sports Medicine. (*See id.*).

After the initial screening of this civil action was completed, on December 8, 2020, the Court dismissed Jones's official capacity claims but allowed Jones to proceed with his individual capacity claims against Dr. Downs and Corizon Corporation. (*See* R. 12 at Page ID 60). Notably, the Court warned Jones that he "must immediately advise the Clerk's Office of any change in his

---

[1] The Complaint was initially filed in the Western District of Kentucky. However, that Court subsequently transferred the case to this Court because the allegations in the Complaint arose from alleged conduct occurring at the FCDC in Lexington, Kentucky, which is in the Eastern District of Kentucky. (*See* R. 5; R. 6).

mailing address.  **Failure to do so may result in dismissal of this case**." (*Id.* at Page ID 61) (emphasis added).  On December 31, 2020, the Clerk received for filing a "Statement of Claims" from Jones dated December 27, 2020.  (R. 14).

On January 7, 2021, the Defendants filed their Answer (R. 15), and this matter was referred to the undersigned to conduct all further proceedings, including preparing a recommended disposition on any dispositive matters (R. 18).  A Scheduling Order was entered, setting all pretrial discovery to end on July 19, 2021, and any dispositive motions to be filed by August 18, 2021.  (R. 22).  Thereafter, little docket activity occurred until the Defendants filed a Motion to Compel Discovery on July 9, 2021.  (R. 23).  Specifically, the Defendants moved for the Court to compel Jones to provide answers to their Interrogatories and Requests for Production.  (*Id.* at Page ID 86).  As part of their Motion to Compel, the Defendants included a letter that defense counsel sent to Jones dated April 21, 2021.  (*See* R. 23-3 at Page ID 112).  The letter informed Jones that his discovery responses were late and asked Jones when his responses could be expected.  (*Id.*).  That letter directed to Jones at the FCDC was "returned to sender, refused, unable to forward, return to sender" on May 3, 2021.  (R. 23-4 at Page ID 113).[2]

After no response to Defendants' Motion to Compel was filed by Jones, an Order granting Defendants' Motion to Compel was issued, finding that if Jones intended to pursue his claim, then

---

[2] As for Jones's underlying criminal proceeding giving rise to his initial detention at FCDC, on May 7, 2021, Jones entered an *Alford* plea to the charges of possessing a controlled substance, 1st degree, possessing a firearm as a convicted felon, and possessing/buying drug paraphernalia and pleaded guilty to operating a motor vehicle under the influence. (R. 24-2). The remaining charges were dismissed. (*Id.*). Jones was sentenced in the Fayette Circuit Court on August 6, 2021, on the various counts to a total term of incarceration of two years, suspended, with Jones placed on supervised probation for two years subject to conditions. *See Commonwealth v. Kebra Markita Jones*, Fayette Circuit Court Case No. 20-CR-966 (CourtNet Docket), available at https://kcoj.kycourts.net.  The Court takes judicial notice of this case docket.  *See Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.").

he must participate in the discovery process.³ (R. 25 at Page ID 157). The Court warned Jones that failing to participate in the discovery process could result in the undersigned recommending that this matter be dismissed for failing to comply with the discovery rules and Court orders. (*Id.*). Moreover, the Court further cautioned Jones that he "has an obligation to promptly advise the Clerk's Office of any change in his mailing address" because any failure in keeping "the Clerk informed of his address could result in the undersigned recommending to the presiding District Judge that the case be dismissed for failure to prosecute and Plaintiff's abandonment of his case." (*Id.*). Mailing of this Order to Jones at his then address of record, FCDC, was subsequently returned to the Clerk of Court on October 1, 2021 "attempted – not known, unable to forward." (*See* R. 26 at Page ID 158).

In the meantime, the Defendants timely filed their Motion for Summary Judgment on August 17, 2021. (R. 24). Under Joint Local Rule 7.1(c), Jones had 21 days following the Defendants' filing of their Motion for Summary Judgment to file any response, plus an additional 3 days for mailing pursuant to Federal Rule of Civil Procedure 6(b). No response has been filed by Jones.

As previously stated, Jones filed a "Statement of Claims" on December 31, 2020. (R. 14). No other filing of any kind was made by Jones until, on October 24, 2021, he mailed a Notice of address change to the Western District of Kentucky Clerk's Office that was then forwarded and received at the Eastern District of Kentucky Clerk's Office on November 3, 2021. (R. 27). Therein, Jones informed that he has "moved from Fayette County Jail" and is now at the Louisville Metro Detention Center ("LMDC") and asks the Clerk to let him know "if there's anything new" in his case. (*Id.*). The Clerk's Office, in follow up to Jones's Notice filing, sent him a courtesy copy of

---

³ It is unclear from the docket whether Jones ever complied with the Court's Order to provide discovery responses to the Defendants.

the docket sheet and a copy of the Court's prior Order granting Defendants' Motion to Compel (R. 25) that had been returned as undeliverable when initially mailed to Jones. (R. 26). Nothing further has been filed by Jones since the Clerk's November 3, 2021 receipt of that Notice of address change.[4]

According to the Kentucky Online Offender Lookup ("KOOL") website, Jones is no longer at LMDC or FCDC and continues on supervised probation. *See* Kentucky Department of Corrections, KOOL, *available at* http://kool.corrections.ky.gov/KOOL/Details/328911 (last visited February 22, 2022). Specifically, Jones's Offender Information states that he is on supervised probation through District 09 – Lexington, Fayette County. *Id.* Jones's supervised probation began on July 17, 2019 and is scheduled to end on August 6, 2023.[5] *Id.*

## II.    ANALYSIS

A federal trial court has authority to dismiss a case under Federal Civil Rule 41(b) because of a plaintiff's failure to prosecute his claims. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure

---

[4] It appears Jones was incarcerated at LMDC pursuant to motions by the Jefferson County Attorney to revoke Jones's probation in *Commonwealth v. Kebra M. Jones,* Jefferson District Court Case No. 19-M-7479 (CourtNet Docket), available at https://kcoj.kycourts.net. In the summer of 2019 Jones was charged and found guilty in that case of assault, 4th degree, domestic violence minor injury, and sentenced to 365 days in jail, 305 days suspended, with supervised probation for two years. Jones had several probation revocation proceedings in the case over the next two years. Jones's probation was revoked on September 7, 2021, and he was sentenced the same date to 155 days in jail, the remaining jail days left on his original sentence for assault, 4th degree, domestic violence minor injury.

[5] It appears the July 2019 beginning date for supervised probation originated from Jones's misdemeanor assault, 4th degree conviction in Jefferson District Court, Case No. 19-M-7479. The August 2023 end date for supervised probation appears to be the result of the sentence imposed by the Fayette Circuit Court in Case No. 20-CR-966. (*See* fn. 2). A motion to revoke Jones's probation was filed in that case in November 2021 with a bench warrant issued; Jones appeared before the Fayette Circuit Court on January 14, 2022, on that motion to revoke, which was dismissed and Jones was continued on his supervised probation, being ordered to report to the Lexington Probation Office on January 18, 2022. *See Commonwealth v. Kebra Markita Jones,* Fayette Circuit Court Case No. 20-CR-966 (CourtNet Docket), available at https://kcoj.kycourts.net.

prosecute did not implicitly abrogate the court's power to dismiss *sua sponte*).[6] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.; see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *see Palasty v. Hawk,* 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information).

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll,* 176 F.3d at 363. As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

---

[6] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

6

First, the Court does not know specifically why Jones failed to respond to Defendants' discovery requests, file a response to Defendants' Motion for Summary Judgment, or to otherwise move this case forward, but it appears Jones has abandoned his case. Jones has also failed to comply with the Court's two Orders (*see* R. 12; R. 25) to notify the Clerk of any change in his address, thus evidencing a willful disregard of the Court's instruction, particularly important here where Jones's mailing address changed multiple times as he was held at FCDC, LMDC, or released to continue on supervised probation. The authority to dismiss a case for failure to prosecute applies specifically in the context here—where a litigant apparently abandons his case by failing to update the court as to his address. *Watsy v. Richards*, 816 F.2d 683 (6th Cir. 1987) (affirming district court's dismissal of action under Rule 41(b) where the *pro se* plaintiff failed to update the district court as to his current address); *see also Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address."). Under the Joint Local Rules for the Eastern and Western Districts of Kentucky, "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e). Jones was informed of this duty to immediately advise of any change in his mailing address early in the proceedings (*see* R. 12). Nevertheless, defense counsel's letter seeking discovery responses and the Court's Order were returned as undeliverable, demonstrating not just that Jones had failed to update his address but had also not been participating in case discovery. Indeed, his last filing had been the Statement of Claims filed on December 31, 2020. (R. 14).

Jones's only filing since December 31, 2020 has been the Notice of address change sent to the Western District of Kentucky Clerk's Office in late October 2021. Jones has not updated with his subsequent address changes—namely, his transfer from LMDC to FCDC and then later release

by FCDC to continue on supervised probation following the dismissal of the probation revocation proceeding. The duplicate of the Order granting Defendants' Motion to Compel (R. 25) was sent to Jones in early November 2021 by the Clerk. That Order emphasized Plaintiff's obligation to participate in the case and promptly inform of address changes. It appears that Jones has done neither since receiving that Order. Jones's actions and lack of action indicate that his failure to prosecute this case and update his address were willful decisions on his part.

Second, while the prejudice to Defendants at this point may be minimal, they have expended time and funds in defending this action, including discovery and preparation and filing of a discovery motion and a dispositive motion. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources to defend this case."). In addition, Jones's inaction has resulted in an overall delay of the litigation. Thus, Jones's failure to move this case forward by providing an updated address to the Clerk or by filing a response to Defendants' discovery and dispositive motions or by making any other filing to advance the case has caused prejudice to Defendants.

For the third factor, Jones was ordered to keep the Court apprised of changes in his address if he intended to pursue his case. (*See* R. 12; R. 25). *See Austin v. Dennis*, No. 0:13-cv-118-HRW, 2014 WL 6909659, at *3 (E.D. Ky. Dec. 8, 2014) (finding third factor met where plaintiff "was warned by the Court in its initial order that failure to keep the Court apprised of his location could result in dismissal of his case"); *Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) (dismissal appropriate sanction for *pro se* litigant's failure to provide current address). Thus, Jones has been given clear warnings that his case could be dismissed if he did not comply with the Court's directive to "immediately advise the Clerk's Office of any change in his

mailing address." (R. 12 at Page ID 61). This also included in the Order granting Defendants' Motion to Compel (R. 25 at Page ID 157) that was returned as undeliverable (*see* R. 26) but then remailed by the Clerk to Jones at LMDC on November 3, 2021, upon receipt of Jones's Notice of change of address. Despite the renewed admonishment to Jones about participating in his case and promptly updating of any address changes, nothing more has been received from him.

Lastly, the fourth factor looks to whether less drastic sanctions were imposed or considered. Because Jones has disregarded the Court's Orders and has effectively abandoned his case, dismissal is appropriate. *See Link,* 370 U.S. at 629-30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Jones's actions have indicated that he does not intend to further participate in his case. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). Thus, given Jones's disregard for this Court's Orders, his lack of participation in this matter including his lack of responsiveness to discovery requests, lack of filing of a response to Defendants' dispositive motion, and failure to provide any further address changes, dismissal of this case without prejudice is warranted.

### III. CONCLUSION

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly, **IT IS RECOMMENDED** that:

1)   Jones's Complaint (R. 1) **be dismissed without prejudice** for failure to prosecute and to comply with Orders of the Court;

2)   Defendants' Motion for Summary Judgment (R. 24) **be denied as moot;** and,

3)   this action **be stricken** from the Court's active docket.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within 14 days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Dated this 1st day of March, 2022.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil lexington\2020\20-470-WOB R&R to dismiss.final.docx